## Eslen's Estate.

*Decedents' estates—Orphans' court—Disallowance of claim—Findings of fact—Review.*

Where an auditing judge disallows a claim against a decedent's estate for goods sold and delivered, and his decision is affirmed by the orphans' court in banc, the appellate court will not reverse the decree in the absence of manifest error.

Argued Oct. 5, 1905.  Appeal, No. 75, Oct. T., 1905, by John Sparhawk, Jr., Trustee in Bankruptcy of Charles M. Stoever, trading as Charles M. Stoever & Co., from decree of O. C. Phila. Co., April T., 1903, No. 161, overruling exceptions to auditor's report in Estate of Joseph A. Eslen, deceased. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.  Affirmed.

Exceptions to adjudication.
The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the exceptions.

*Charles H. Edmunds*, for appellant.

*Charles J. Sharkey*, with him *F. Pierce Buckley*, for appellee.

OPINION BY HENDERSON, J., April 23, 1906:
The plaintiff's claim was disallowed by the auditing judge and that action was affirmed in the orphans' court. The evidence as to the claim is very meager and somewhat obscure. There is testimony which makes it uncertain whether the paper was the property of Stoever & Company; Potter, Sons & Company gave an order to a Mr. Allen, a commission man, for the paper; Stoever & Company shipped the goods; the paper came, however, directly from Joseph C. Godfrey Paper Company. It was rejected at first, but one lot was finally accepted. At the argument it was conceded that Stoever was not a competent witness and his testimony must, therefore, be left out of consideration.  He was present when Potter, Sons & Com-

pany gave the check for the paper to Eslen and authorized payment to be so made. Potter, Sons & Company, being satisfied that Eslen was entitled to the money, gave him a check in payment for the paper.

An inference might also be drawn from the evidence that if the paper belonged to Stoever & Company, the transaction of the delivery of the check by Potter, Sons & Company to Eslen amounted to nothing more than an exchange of checks, the check of Eslen having been delivered at the same time, for the same amount, to Whitesides for Stoever. As the case is presented in the evidence we are not satisfied that the court was in error in the conclusion reached, and the decree is, therefore, affirmed.